## PRINCE v. BURGER

[No. 136, September Term, 1961.]

*Decided January 16, 1962.*

The cause was argued before HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*W. Walter Farnandis,* for appellant.

*Herbert E. Witz,* for appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellee, a man over eighty years of age, probably could be properly designated as the appellant's "star boarder"— at least for a short period of time. During April of 1959, he entered her home as a roomer and boarder for a monthly stipend of $100. He paid her this monthly sum promptly (sometimes giving her a little extra), and in December turned over to her $1,500 in cash. About six months

thereafter, his demand for repayment of the money was refused, and this suit followed. The case was tried in the Superior Court of Baltimore City by a judge, sitting without a jury, who found for the plaintiff in the amount of $1,500. After entry of judgment upon the finding, this appeal followed.

The appellee claims the money was a loan; while the appellant contends that it was a gift. She argues that the mere transferal of money from one person to another raises no presumption of a loan, and, since "nothing was said at the time of the transfer of the funds regarding a loan," it constituted a valid gift, which the court had no right to revoke, simply because the appellee changed his mind.

It is true that, ordinarily, there is no presumption that money paid by one person to another was transferred as a loan, the presumption generally being that the money paid was in satisfaction of a debt. *Bright v. Kelley,* 168 Md. 107, 176 A. 874; *Nay v. Curley,* 21 N. E. 698 (N. Y.); 58 C.J.S., *Money Lent,* § 7 b. And there can be no doubt that a valid gift, voluntarily made and consistent with law, will not be set aside merely because the donor subsequently changes his mind, regrets the transaction, and desires to recall his bounty. *Simpson v. League,* 110 Md. 286, 72 A. 1109; *Reil v. Wempe,* 145 Md. 448, 125 A. 738; *Young v. Murray,* 159 Md. 556, 152 A. 111; 38 C.J.S., *Gifts,* § 40. Cf. *Jones v. Selvaggi,* 216 Md. 1, 139 A. 2d 246.

But this argument of the appellant completely overlooks, and is directly contrary to, the appellee's evidence that was produced at the trial. The appellee testified that he had not known the appellant before he went to board with her; that he was not related to her; that in December she asked him if he would "help her out"; that "she asked for $1,500.00. I loaned that to her with the expectation she was to pay me back"; and that when he handed the money to the appellant he owed her nothing and told her it was a loan, and, although she said nothing at that particular time, she was fully aware that the money was a loan. He further testified that she used the money to "refinish" two houses she owned, to build a new kitchen in the house where he was living, and to

buy a new refrigerator; that, when he demanded repayment, she offered to repay him at the rate of $10.00 a month; and that he had never been repaid the money. A witness produced by the appellee stated that the appellant had told the witness she had offered to pay the money back at the rate of $10.00 a month.

The appellant was her only witness. At the time of the transfer of the money, she was about fifty years of age. She acknowledged receipt of the money, and, at the time of its receipt, the appellee was not indebted to her. Her testimony was neither clear nor specific, but, on the contrary, was vague and indefinite. At no point did she state that the transfer of the money to her was a gift: she contented herself by saying that to her "knowledge no mention was ever made to the fact that it was a loan." She stated that she told the appellee she would buy him what he wanted to eat and would take care of him in case of sickness, and he told her she did not have "to worry about it [the money]." But, as already stated, at no stage of her testimony did she say that the money was a gift (if she had, it would simply have been a further matter for consideration by the trier of facts in ultimately determining the facts).

The general rules applicable to civil actions govern as to the weight and sufficiency of evidence in an action for money lent, with the burden of proof being upon the plaintiff to establish by a fair preponderance of the evidence every disputed fact that constitutes an element of his right to recover.

From what we have said above, it is clear, we think, that the evidence was ample to support the result reached by the trial judge. *Bright v. Kelley; Nay v. Curley,* both *supra.*

This decides the case without the necessity of considering the other questions raised.

*Judgment affirmed, with costs.*