No. 45,555

CARL JENSEN, *Appellant,* v. GRACE JENSEN, *Appellee.*

(470 P. 2d 829)

Opinion filed June 13, 1970.

*Henry F. Herrman* and *Gregory J. Herrman,* of Hays, were on the brief for the appellant.

*Michael S. Holland,* of Russell, argued the cause, and *Herbert N. Holland,* of Russell, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This action was instituted by Carl Jensen (appellant) against Grace Jensen ( appellee), his former wife, to recover money he allegedly lent her following their divorce in March 1963.

Pursuant to the decree of divorce Carl paid Grace $3,000 in $150 monthly installments, the last payment being made in November 1964. In the succeeding months Carl continued to pay Grace various sums each month until he had paid a total of $2,765, which he now seeks to recover. At trial Carl testified the money was advanced with the understanding it was a loan which would be repaid when Grace sold her house, and he ceased making payments because he could no longer afford them. Grace admitted she

received the money after telling Carl she neeeded it, but stoutly denied it was ever regarded as a loan, or that there was any understanding to that effect.

After hearing the testimony of both parties, the district court found Carl had failed to sustain the burden of proving the monies were "delivered to the defendant as a loan, and not as a gift," as contended by Grace. Judgment was entered for Grace, Carl's various post-trial motions were overruled, and this appeal followed.

The case was tried October 25, 1967, nearly five months after it was filed. Defendant did not appear at the trial. At the conclusion of plaintiff's evidence Grace's attorney told the court her doctor advised him Grace was emotionally disturbed and should not appear as a witness, but it would be satisfactory for her to be deposed. Her attorney also suggested that since Grace had not been able to be present when Carl testified, Carl should not be present during the taking of Grace's deposition. Carl's attorney made the observation he thought Carl had a right to be present, but made no specific objection on that ground, nor did he pursue the matter further, other than to say he reserved the right to introduce rebuttal testimony. In fact, after the deposition was taken, Carl's attorney registered no objection to the court's accepting the deposition as Grace's testimony in the case. No rebuttal evidence was offered, and the case was submitted solely on the parties' testimony.

Carl's complaint on appeal, that the court erred in directing the case to proceed to trial when Grace was unable, or refused, to appear, cannot be sustained. There is nothing in the record showing a timely objection, nor did Carl request a continuance of the trial.

Likewise, Carl is in no position to complain because he was not permitted to be present during the taking of Grace's deposition. Any objection he may have had, no matter how well-founded, was effectively waived when the deposition was later introduced and Carl's counsel agreed it could be accepted into evidence as Grace's testimony. (See K. S. A. 60-230 [h] [Am. L. 1970], 60-226 [e] and 60-232 [c].) The contemporaneous objection rule (K. S. A. 60-404) requires a specific and timely objection be made to the admission of evidence in order for the question of its admissibility to be considered on appeal. (*Baker v. State,* 204 Kan. 607, 464 P. 2d 212; *In re Estate of Carlson,* 201 Kan. 635, 433 P. 2d 339; *Grohusky v. Atlas Assurance Co.,* 195 Kan. 626, 408 P. 2d 697.)

Moreover, there is no showing that the action of the trial court in either of the foregoing respects resulted in Carl's substantial rights being prejudicially affected. (K. S. A. 60-261 and 60-2105.) Carl's attorney was accorded, and exercised, his right to cross-examine Grace when she was deposed, and he was also given the opportunity to present rebuttal evidence if he so desired.

Carl further claims the court erred in holding he had the burden of proving the money paid to Grace was a loan, and contends there was no substantial evidence to support the court's finding that it was not a loan transaction. We cannot agree.

Ordinarily, there is no presumption that money paid by one person to another was paid as a loan. In actions for money lent, as in other actions, plaintiff has the burden of proving every disputed fact that constitutes an element of his right to recover (*Rullman v. Rullman*, 81 Kan. 521, 106 Pac. 52; *Prince v. Burger*, 227 Md. 351, 176 A. 2d 870; see, *Midland Oil and Royalty Company v. Schuler*, [N. D.], 126 N. W. 2d. 149; 58 C. J. S., Money Lent § 7a and b), and he is not relieved of proving the transaction was a loan simply because the defendant alleges it was a gift (*Authement v. Naquin*, [La. Appeals], 26 So. 2d 224). The burden of proof is not to be confused with the burden of going forward with the evidence. The burden of proof is always upon the party asserting an affirmative of an issue and remains with him throughout the trial. Even though it may be incumbent upon the other party to proceed with the introduction of evidence at some stage of the proceedings, the burden of going forward with the evidence does not change the burden of proving a disputed issue. (*Bowen, Administrator v. Hathaway*, 202 Kan. 107, 110, 446 P. 2d 723, and cases cited therein.)

In the instant case the burden of proving whether or not there was a loan transaction, as alleged by Carl, rested on and remained with him throughout the trial.

Although there was sharp conflict in the evidence, the district court found that Carl failed to sustain the burden of proof. This was tantamount to a finding that the money paid to Grace was not in the nature of a loan. There was substantial, competent evidence in the record to support such finding and conclusion.

The trier of facts has the responsibility of weighing the evidence and determining what testimony will be believed. We, as an appellate court, are concerned only with evidence which supports

the trial court's finding, not with that tending to establish a finding to the contrary. As long as the record discloses substantial, competent evidence to support the findings of the trial court, they are binding and conclusive on appeal. (*Cersovsky v. Cersovsky*, 201 Kan. 463, 441 P. 2d 829; *In re Estate of Pyke*, 199 Kan. 1, 427 P. 2d 67; *Sullivan v. Sullivan*, 196 Kan. 705, 413 P. 2d 988.) Moreover, the finding here that this was not a loan transaction constituted a negative finding of fact, which will not be set aside by nullifying the trial court's disbelief of evidence that is limited in quantity, or its weight and credibility is questionable. (*King v. Robbins*, 201 Kan. 748, 443 P. 2d 308; *In re Estate of Carlson*, supra.)

Other points raised are found to be without merit.

The judgment is affirmed.