No. 46,833

THE STATE OF KANSAS, *Appellee*, v. JAMES L. MARSH, *Appellant.*

(506 P. 2d 1132)

Opinion filed March 3, 1973.

*Max Regier,* of Wichita, was on the brief for the appellant.

*Richard K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Vern Miller,* Attorney General, *Keith Sanborn,* County Attorney, and *David P. Calvert,* Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: The appellant-defendant, James L. Marsh, was tried to a jury in the district court and was convicted of giving a worthless check of a value of more than $50 in violation of K. S. A. 1971 Supp. 21-3707. The evidence in the case was virtually undisputed. The defendant Marsh issued a check drawn on a St. Louis, Missouri, bank for the sum of $62.02 and gave the check to the Jet Cleaners of Wichita. The check was returned by the Missouri bank marked "insufficient funds." It appears from the record that the defendant admitted giving the check. His principal defense was that he had informed the person receiving the check that it might not be good and that if it was not he would pick it up. He denied any intent to defraud.

Defendant raises only two points on this appeal. Both involve rulings by the trial court in the reception of evidence. Defendant first complains that the deputy county attorney was guilty of misconduct by an oppressive and confusing cross-examination of the defendant. The cross-examination about which defendant complains is as follows:

"Q. (By Mr. Calvert) I see. So you didn't tell her it was a hold check, did you? You told her you had money in two banks, isn't that correct?

"A. I said I had two bank accounts.

"Q. Isn't that correct, Mr. Marsh?

"A. Let me answer.

"Q. I'm asking you a question that could be answered yes or no. Isn't that correct?

"A. I would say yes."

The record fails to disclose that defendant's counsel made any objection to the form of the questions nor did he make any attempt to clarify the answers on redirect examination. K. S. A. 60-404 requires a specific and timely objection be made to the admission of evidence in order for the question of its admissibility to be considered on appeal. (*Jensen v. Jensen*, 205 Kan. 465, 470 P. 2d 829.) By failing to object here we find the defendant waived any impropriety in the form of the question.

The defendant next complains that the trial court unduly and erroneously restricted defendant's counsel in his cross-examination of Mrs. Blackwell, the employee of Jet Cleaners who accepted the insufficient funds check. On cross-examination she was asked if she had been offered restitution and she testified that she had but refused to accept it. When asked why she replied,

"Well, I saw no reason in taking it after the suit.

"Q. Even though you're on Social Security and unemployment?"

The county attorney objected to the question as not relevant. Counsel for defendant argued that it was relevant to show the defendant's intent. The trial court sustained the state's objection to the question. The defendant was permitted to show without objection from the state that he had offered to make restitution on the check as evidence of his innocent intent at the time the check was issued. The fact that Mrs. Blackwell may have been on social security or unemployment compensation could hardly have any relevance on the issue of the intent of the defendant at the time the check was issued. We find no prejudicial error or abuse of discretion in the ruling of the court.

The judgment is affirmed.