No. 46,806

COMMERCIAL CREDIT CORPORATION, *Appellant,* v. OLGA HARRIS and ROBERT B. WAGNER, Executor of the Estate of CALVIN I. HARRIS, Deceased, *Appellee.*

(510 P. 2d 1322)

Opinion filed June 9, 1973.

*William F. Kluge, III,* of Lambdin and Kluge, Chartered, of Wichita, argued the cause and was on the brief for the appellant.

*Thomas C. Boone,* of Hays, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an action to recover on a written guaranty executed by defendant wife in favor of plaintiff, covering business losses of her husband who is now deceased. The trial court entered judgment for defendant and plaintiff appeals.

Calvin I. Harris was a mobile home dealer with units for sale in Wakeeney, Kansas, and in Dodge City, Kansas. On October 15, 1968, Harris became an applicant to do business with Commercial Credit. Commercial Credit, through its local manager,

Leon Sorenson, began a background investigation to determine whether or not Harris' character and financial status were such that plaintiff's home office in Baltimore, Maryland, would approve of the local office financing Harris' business. After completing the necessary reports, Sorenson forwarded the matter to the home office for approval. The home office approved financing of this unincorporated business, subject to the condition that Harris' wife, defendant herein, execute a personal guaranty to the effect that she would pay to plaintiff any obligation Harris did not pay.

Sorenson went from plaintiff's office in Salina, Kansas, to Wakeeney on November 25, 1968, to have Mrs. Harris execute the required guaranty instrument. Sorenson and Harris went to the Harris home to see Mrs. Harris and all three parties conferred in the family kitchen.

Plaintiff's witness, Sorenson, testified that Harris explained the nature of the instrument to his wife before she signed it. Sorenson further testified he also explained the instrument to her before she signed it. Mrs. Harris testified both Sorenson and her husband told her the instrument authorized plaintiff to pick up the mobile homes on his lots in the event something happened to Harris.

Some two weeks after Mrs. Harris' execution of the guaranty, Commercial Credit first advanced money to Harris Mobile Home Sales. During the following two years, some $500,000 was advanced to Harris or on his behalf.

On December 15, 1970, Harris was tragically killed while piloting his airplane. Rather than disturb Mrs. Harris in her grief, Commercial Credit contacted her 25-year-old law student son to make the necessary arrangements to clear up decedent's business affairs. Commercial Credit learned on the date of Harris' death that he had been selling mobile homes "out of trust."

The parties stipulated at the time of trial that indebtedness of Harris to Commercial Credit was $12,920.73, of which a great percentage was for two "out of trust" sales of mobile homes. Before filing suit, plaintiff made many demands upon defendant for payment of the above sum.

This action was filed on March 16, 1971. Defendant's answer was filed on June 7, 1971. The matter was regularly set for trial on October 18, 1971, and on October 14, 1971, defendant filed an amended answer alleging lack of consideration as a defense. Defendant was then allowed to file a second amended answer alleging misrepresentation as a defense.

After an unreported pretrial conference, the matter proceeded to trial. The trial court agreed with plaintiff's statements that after the introduction of the guaranty and the plaintiff's records as to indebtedness of Harris to plaintiff, the plaintiff had presented a prima facie case.

The defendant stated in open court that she had the burden of proving fraud. Despite this, the trial court ruled the plaintiff had the burden of proof, and had somehow failed to sustain that burden. The court finally ruled the written guaranty which had been admitted into evidence without objection "stands or falls on oral testimony only."

The court made the following findings of fact and conclusions of law:

"The real issue is the validity of Joint Exihibit #2 as a contract between the plaintiff and the defendant. If Joint Exhibit #2 is a valid contract, and meeting of the minds of the contracting parties, other issues such as consideration and amount owed under the contract are met.

. . . . . . . . . . . . .

"There was a presumption at the outset that the defendant Olga Harris had read and knew the contents of the written instrument she signed, but that presumpion is rebutted by the testimony of Mr. Sorenson and Olga Harris which is not conflicting on this point. Therefore, the burden of proof is still on the plaintiff to prove the agreement and meeting of the minds in the execution of the contract instrument, Joint Exhibit #2.

. . . . . . . . . . . .

"The Court finds that the plaintiff has not sustained its burden of proof, and judgment should be entered against the plaintiff and for the defendant."

The plaintiff filed a motion to amend judgment under the provisions of K. S. A. 60-252 (b). This motion was heard by the court on February 14, 1972, and was summarily overruled.

Plaintiff first claims the trial court erred in allowing defendant to amend her answer and raise affirmative defenses four days before trial and again on the morning of trial. We find no merit in this contention. K. S. A. 60-215 (now K. S. A. 1972 Supp. 60-215) provides for amendment out of time after a case is placed on trial calendar by leave of the court or by written consent of the adverse party. K. S. A. 60-215 (b) allows amendment even after trial begins when presentation of the merits of the action are subserved thereby. This court has repeatedly held that amendments to pleadings are within the discretion of the trial court and no error will lie unless such discretion is abused. (*Trimble, Administrator v. Coleman Co., Inc.,* 200 Kan. 350, 358, 437 P. 2d 219; *Sweaney v. United Loan &*

*Finance Co.*, 205 Kan. 66, 70, 468 P. 2d 124.) If plaintiff found itself unprepared to defend against defendant's allegation of misrepresentation, the proper procedure would have been to request a continuance. Denial of a continuance in the face of a showing of surprise and lack of time to prepare could then be reviewed on appeal as an abuse of discretion.

Plaintiff next contends the trial court erred in finding plaintiff had not sustained its burden of proof. In an action based on a contract, the burden of proof is on the plaintiff to show: (1) execution and existence of the contract alleged in the petition; (2) sufficient consideration to support the contract; (3) performance or willingness to perform in compliance with the contract alleged; and (4) the defendant's breach insofar as such matters are in issue. (29 Am. Jur. 2d, Evidence, § 140, pp. 174, 175.)

It is not necessary to review plaintiff's evidence as to its sufficiency. Defendant does not argue that plaintiff failed to make a prima facie case. Defendant alleges the affirmative defenses of no consideration and misrepresentation. Although no evidence was introduced on the consideration defense, defendant did introduce evidence on the defense of misrepresentation.

In the absence of evidence challenging a prima facie showing, a judgment may be entered against the defendant. The obligation of defendant to meet the plaintiff's evidence is referred to as a duty to go forward with the evidence. This duty does not change the burden of proof on plaintiff to sustain his position throughout the trial on the issues essential to recovery. (*Miller v. Kruggel,* 165 Kan. 435, 195 P. 2d 597.)

The defense of misrepresentation is an affirmative defense and the burden of proof on the issue of misrepresentation remains with the defendant throughout the trial. It is not incumbent on plaintiff to prove there was no misrepresentation. (*Jensen v. Jensen,* 205 Kan. 465, 470 P. 2d 829.)

The trial court found the plaintiff had not sustained its burden of proof and entered judgment for the defendant. The record discloses the plaintiff proved all elements necessary to support a recovery; that is, a prima facie case. To enter judgment against the plaintiff under these circumstances on the ground of failure to sustain the burden of proof is erroneous. It would appear that since the affirmative defense of misrepresentation was presented, the trial court in some manner reasoned the burden remained with the plaintiff to show a "meeting of the minds."

The trial court stated since the defendant did not read the contract it was incumbent on plaintiff to prove a "meeting of the minds." It is the duty of every contracting party to learn and know the contents of a contract before signing it. (*Bailey v. Talbert*, 179 Kan. 169, 294 P. 2d 220.)

The plaintiff's burden of proof on the issue of "meeting of the minds" was fulfilled by introduction of the written contract. The defense of misrepresentation may result in a conclusion of fact that there was "no meeting of the minds." This result, however, does not overcome or vary the obligation of defendant to prove her affirmative defense of misrepresentation.

The plaintiff appeals from failure of the trial court to sustain its motion to amend judgment allowing plaintiff to recover. We cannot permit plaintiff to recover when the findings of fact were adverse to plaintiff. We cannot sustain a judgment for defendant when the trial court fails to place the burden of proving an affirmative defense on the defendant. Under these circumstances, we must order a new trial and other issues raised by plaintiff need not be discussed.

The judgment is reversed and the case remanded with instructions to grant a new trial.