No. 49,630

Dick King Insurance, Inc., *Appellee,* v. James H. McBratney, *Appellant.*

(594 P.2d 175)

Opinion filed May 5, 1979.

*J. Michael Lehman,* of Wichita, argued the cause and was on the brief for the appellant.

*John C. Nodgaard* of Arn, Mullins, Unruh, Kuhn & Wilson, of Wichita, argued the cause and *H. Allan Caldwell,* of the same firm was with him on the brief for the appellee.

The opinion of the court was delivered by

Herd, J.: Dick King Insurance, Inc., plaintiff, recovered a judgment against James H. McBratney, defendant, for premiums on insurance policies written for defendant. McBratney appeals.

James H. McBratney operated an automobile repair shop in Wichita. He carried garage liability and fire insurance which he had purchased from Dick King Insurance, Inc. in 1972, 1973, and 1974.

Anticipating the April 1, 1975, expiration date of the policies, Lonnie L. Davis, a King Insurance employee, telephoned McBratney in March 1975 and inquired about renewal of the policies. It was undisputed that the defendant authorized plaintiff to renew the insurance but McBratney claims that the authorization was conditioned on his receiving possession of the policies prior to April 1, 1975; Davis denies this.

Thereafter the insurance policies were issued by United States Fidelity and Guaranty Co. effective April 1, 1975, upon the same terms as the previous policies, and mailed to McBratney with a billing, one on April 15, and one on April 24, 1975.

Sometime between June and November of 1975, Phyllis King, plaintiff's bookkeeper, noticed defendant had not paid his premium so she telephoned him about it. McBratney advised her that he didn't want the policies and didn't think he owed the premium. Mrs. King told him that the policies would be cancelled when he surrendered them, to which McBratney replied he'd bring them by if he was ever by the insurance office; otherwise,

they'd have to come and get them. McBratney delayed surrendering the liability policy until November 4, 1975, and never returned the fire policy, which was finally cancelled on December 1, 1975, under the lost policy procedure.

The defendant-appellant claims that he authorized the ordering of the policies but specifically conditioned the purchase upon his receiving them for inspection purposes prior to April 1, 1975. Because he didn't receive the policies until after the April 1 date, he claims he didn't make the purchase and therefore, had no obligation to return the policies.

King Insurance, Inc. claims that McBratney ordered the policies which were written with coverage commencing on April 1, 1975, and were delivered to defendant, later, as had been customary.

The trial court found as a matter of fact that the parties entered into an agreement for the purchase of the insurance policies which were issued and delivered to the defendant. The court further found that McBratney didn't return the policies for cancellation until November 4, 1975, and December 1, 1975, respectively, and had insurance coverage until they were cancelled.

It is significant that the trial court refused to find that the agreement for insurance was conditional. McBratney's claim of a condition precedent was an affirmative defense which he had the burden of proving by a preponderance of the evidence. *Jensen v. Jensen,* 205 Kan. 465, 470 P.2d 829 (1970); 29 Am.Jur.2d, Evidence § 129. Defendant failed to sustain his burden.

It is the established law of Kansas that the findings of fact of a trial court will not be disturbed on appeal if there is any evidence to support them. In *Parsons Mobile Products, Inc. v. Remmert,* 216 Kan. 256, Syl. ¶ 1, 531 P.2d 428 (1975), the court said:

"On appeal it is not the function of the appellate court to weigh conflicting evidence, pass on the credibility of witnesses or redetermine questions of fact. The reviewing court is concerned only with the evidence which supports the trial court's findings and not with the evidence which might have supported contrary findings."

There is evidence to support the trial court's findings of fact and they will not be disturbed.

The facts establish that there was an agreement between the parties for the purchase and sale of the insurance policies. They were issued to McBratney providing him insurance coverage

until cancellation. The defendant must pay for the benefits he received from the agreement. *Kauffman v. Raeder,* 108 F. 171 (8th Cir. 1901).

The other issues raised in the briefs were considered by the court and are deemed irrelevant in light of the findings of fact.

The judgment is affirmed.