FEDERAL DEPOSIT INSURANCE
CORPORATION, etc.,
Plaintiff, Appellee,

v.

Leonard CAPORALE, etc., et al.,
Defendants, Appellants.

No. 90–2145.

United States Court of Appeals,
First Circuit.

Heard April 4, 1991.
Decided April 22, 1991.

Michael D. Greenberg with whom O'Neill, Conragan, Russian, Greenberg, and Panico, Cambridge, Mass., was on brief, for defendants, appellants.

J. Scott Watson with whom Ann S. Du-Ross, Asst. Gen. Counsel, Joan Smiley, Sr. Counsel, Washington, D.C., Paul R. Gupta, Thomas Paul Gorman and Sherin and Lodgen, Boston, Mass., were on brief, for appellee.

Before CAMPBELL, SELYA and CYR, Circuit Judges.

**2**

LEVIN H. CAMPBELL, Circuit Judge.

Defendants-appellants Elizabeth and Leonard Caporale appeal from the district court's grant of summary judgment in favor of the Federal Deposit Insurance Corporation ("FDIC"), as receiver for the First National Bank of Marlboro (the "Bank"). The FDIC brought a claim against the Caporales to recover monies the Bank loaned to them pursuant to written promissory notes. We agree with the district court that the defenses asserted by the Caporales are either precluded by the estoppel doctrine of *D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), or were waived due to the defendants' failure to raise them in opposition to the motion for summary judgment. The judgment of the district court is therefore affirmed.

### I.

Beginning in 1984, Leonard and Elizabeth Caporale executed several loan agreements and promissory notes with the Bank. Some but not all of these notes listed Alexander Realty Trust or Star Realty Trust as the maker; Elizabeth Caporale is the trustee for both trusts. The notes were signed by either Leonard Caporale or Elizabeth Caporale, or both; however, none of the notes indicated in what capacity the Caporales executed the notes. Although the Caporales agree that the signatures on the notes are genuine and valid, they contend that they signed the notes in blank and that the Bank filled in the amounts without authorization. The Caporales used the funds to buy construction equipment and to acquire real estate. The loans are now in default.

On January 23, 1987, the FDIC was appointed receiver for the Bank. The FDIC brought this action to recover the amounts loaned to the defendants by the Bank.

### II.

■ We agree with the district court that the doctrine of estoppel articulated in

*D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), precludes the Caporales' defense that the notes were completed without their authorization. The *D'Oench* doctrine prevents the maker of a note from challenging the note's validity as against the FDIC when he has "lent himself to a scheme or arrangement" whereby banking authorities would be misled. *See Fed. Deposit Ins. Corp. v. McCullough*, 911 F.2d 593, 599 (11th Cir.1990); *Fed. Deposit Ins. Corp. v. P.L.M. International, Inc.*, 834 F.2d 248, 252 (1st Cir.1987). The doctrine thereby encourages the proper recordation of banking transactions, guards against collusive or erroneous restructuring of terms, and permits bank regulators to evaluate the assets of a failed institution. *See Langley v. Fed. Deposit Ins. Corp.*, 484 U.S. 86, 91–93, 108 S.Ct. 396, 401–02, 98 L.Ed.2d 340 (1987).

■ By signing blank notes, the Caporales "lent themselves" to a scheme that could mislead bank examiners. As the district court noted, "An unscrupulous bank officer could overstate the amount of the note and thus overstate the bank's assets." The Caporales urge that they cannot be held liable because the notes were conditional on authorized completion. However, under *D'Oench*, they may not rely on a condition that was not reflected in the bank's official records, even if their reliance was in good faith and there was no intent to defraud. *See Fed. Deposit Ins. Corp. v. P.L.M.*, 834 F.2d at 253; *Fed. Deposit Ins. Corp. v. McClanahan*, 795 F.2d 512, 516–17 (5th Cir.1986). As among borrowers, thrift regulators, depositors, and creditors, the borrower is in the best position to protect himself and must therefore suffer the risk of loss if he fails to ensure that his agreement is properly recorded. *See Bowen v. Federal Deposit Ins. Corp.*, 915 F.2d 1013, 1016 (5th Cir. 1990). Thus, the Caporales are estopped from relying on the Bank's allegedly unauthorized completion of the notes.[1]

---

1. At oral argument, counsel for appellants suggested that this case involves fraud in the fac-

tum—that is, fraudulent procurement of a party's signature to an instrument without knowl-

■ Defendants-appellants also argue that because Elizabeth Caporale executed several of the notes as trustee of the defendant trusts, she is not liable individually. The Caporales, however, failed to deny the FDIC's assertions of individual liability in their answer to the complaint. *See* Fed.R. Civ.P. 8(b) (requiring "a party to state in short and plain terms the party's defenses to each claim asserted"); Fed.R.Civ.P. 8(d) ("Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading."); *Meschino v. North American Drager, Inc.*, 841 F.2d 429, 435 (1st Cir. 1988) (holding that averments in a complaint which are not denied in the answer are deemed admitted).

In its motion for summary judgment, the FDIC argued explicitly that the Caporales were personally liable due to their failure to specify the capacity in which they had signed the promissory notes. In their opposition to the motion for summary judgment, the Caporales again failed to argue that Elizabeth signed in her capacity as trustee, nor did they offer any evidence to suggest that the issue of capacity was a matter of factual dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that once the movant has averred the absence of evidence to support the nonmovant's case, the burden shifts to the nonmovant to establish the existence of a genuine issue of material fact); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990) (requiring the nonmoving party "reliably [to] demonstrate that specific facts sufficient to create an authentic dispute exist" with respect to issues upon which it will bear the burden of proof).

Given the Caporales' failure to plead, to argue, or to present any evidence suggesting that Elizabeth executed certain of the notes in her capacity as trustee, we hold

that summary judgment was properly granted in favor of the FDIC on the issue of her personal liability.

The judgment of the district court is *affirmed.* Costs to appellee.

---

edge of its true nature. *See* U.C.C. § 3–305(2)(c), Comment 7, 2 U.L.A. 241 (1977). Were this the case, the instruments would be void rather than voidable, leaving no title capable of transfer to the FDIC.

Nothing in the record suggests, nor have the Caporales contended that they were unaware of

the nature of the documents they signed. Moreover, having failed to raise this argument below, they have waived it on appeal. *See, e.g., Sandstrom v. Chemlawn Corp.*, 904 F.2d 83, 87 (1st Cir.1990) (noting that arguments which could have been timely raised but were not, will be rejected).