**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Albert L. KAMAS, et al., Defendants.**

**No. 90–1267–MLB.**

United States District Court, D. Kansas.

Feb. 14, 1994.

John C. Nettels, Jr., Matthew D. Flesher, Morrison & Hecker, Wichita, KS, B.J. Hickert, Resolution Trust Corp., Overland Park, KS, for plaintiff.

Robert T. Cornwell, Law Offices of Robert T. Cornwell, Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on the Federal Deposit Insurance Corporation's (FDIC) motion for summary judgment against defendants Joan D. Kamas, Daniel M. Carney, Victor W. Schlesinger, and Lockeford Ethanol Corporation, pursuant to Fed.R.Civ.P. 56. (Doc. 37) FDIC, the receiver of Boulevard State Bank of Wichita (Boulevard), filed this action to recover on certain promissory notes and guaranties executed by the defendants.

Albert Kamas[1] executed and delivered to Boulevard promissory notes in the amount of $860,000, $50,000, and $150,000, on May 16, 1986, September 26, 1986, and January 27, 1987, respectively. On September 26, 1986, Boulevard extended credit in the amount of $50,000 to Lockeford Corporation in consideration for the execution and delivery of a promissory note.

On April 18, 1984, Joan Kamas executed a guarantee in favor of Boulevard for "all obligations of [Albert Kamas] regardless of amount." On January 8, 1986, Daniel Carney executed a guarantee in favor of Boulevard for the debts of Albert Kamas in an amount up to $150,000. On September 26, 1986, Victor Schlesinger executed a guarantee in favor of Boulevard for payment of the promissory note given by Lockeford Corporation in the amount of $50,000.

The promissory notes have matured and none have been paid. Boulevard has made demand upon Joan Kamas, Daniel Carney, and Victor Schlesinger, but they have not made the payments required under the terms of their guaranties.

Albert Kamas and Victor Schlesinger filed a counterclaim, alleging that they had an agreement with Boulevard regarding the sale of an ethanol facility in California. Kamas and Schlesinger allege that the promissory notes in question were to be repaid from the proceeds of the sale. The other defendants rely on the allegations of the counterclaim in defense of the FDIC's claims against them.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

## DISCUSSION

FDIC seeks summary judgment on the promissory note executed by Lockeford.[2]

---

1. It is undisputed that Albert Kamas has been given a discharge in bankruptcy court from his obligations to the FDIC on the promissory notes and guaranties at issue in this case. Accordingly, the court enters judgment for Kamas on the FDIC's claims against him on the notes and guaranties.

2. Federal Deposit Ins. Corp. v. Neitzel, 769 F.Supp. 346, 348, n. 3 (D. Kan.1991) (federal law

The promissory note is an instrument under K.S.A. 84–3–104 and FDIC is a holder under K.S.A. 84–1–201(20). The note has matured and the principal and interest is unpaid. FDIC has produced the note and Lockeford has admitted the signatures are genuine. FDIC is therefore entitled to summary judgment on the note.

FDIC also seeks summary judgment on the guaranties executed by Joan Kamas, Daniel Carney, and Victor Schlesinger. "A guaranty is a contract between two or more persons, founded upon consideration, by which one person promises to answer to another for the debt, default or miscarriage of a third person, and, in a legal sense, has relation to some other contract or obligation with reference to which it is a collateral undertaking." *Iola State Bank v. Biggs*, 233 Kan. 450, Syl. ¶ 1, 662 P.2d 563 (1983).

The interpretation of a guaranty was restated in *Federal Deposit Ins. Corp. v. Neitzel, supra:*

> A contract of guaranty is to be construed, as are other contracts, according to the intention of the parties as determined by a reasonable interpretation of the language used in the light of the attendant circumstances. After the intention of the parties or the scope of the guarantor's undertaking has been determined by application of general rules of construction, the obligation is strictly construed and may not be extended by construction or implication.

769 F.Supp. at 348 (quoting *Overland Park Savings & Loan Ass'n v. Miller*, 243 Kan. 730, 738, 763 P.2d 1092 (1988)).

The facts are uncontroverted that each defendant signed a guaranty, that consideration was given in the form of Boulevard loaning money in exchange for the promissory note, and the guaranties have not been paid despite proper notice and demand for payment. Defendants purport to raise a genuine issue of material fact pointing to the existence of an agreement between Boulevard and Albert Kamas, whereby the promis-

sory notes were to be paid from the proceeds of the sale of an ethanol facility in California. FDIC responds that this defense is barred by the provisions of 12 U.S.C. § 1823(e), which provides in relevant part:

> No agreement, which tends to diminish or defeat the right, title or interest of the [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the [FDIC] unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been continuously, from the time of its execution, an official record of the bank.

In defendants' response to the motion for summary judgment (Doc. 46), defendants submitted the affidavits of Albert Kamas and Robert Cornwell.[3] Kamas stated in the affidavit that Bonaventure Kreutzer, former executive vice president of Boulevard, told him that written documents exist that confirm an agreement, approved by the Boulevard board of directors, between Boulevard, Kamas, and Schlesinger, regarding the reimbursement of expenses incurred and commissions owed to Kamas and Schlesinger in connection with the sale of an ethanol facility in California. Kamas also states in the affidavit that the guaranty of Joan Kamas was materially altered after it was executed.

Kamas' affidavit is based solely on hearsay and cannot be considered on a motion for summary judgment. *Ritchie Enterprises v. Honeywell Bull, Inc.*, 730 F.Supp. 1041, 1043 (D.Kan.1990). Defendants thereafter sought to conduct discovery to satisfy the requirements of § 1823(e). On August 6, 1993, the undersigned granted the defendants' request to conduct limited discovery by deposing

---

normally governs civil suits in which the FDIC is a party; court may look to state law in fashioning federal common law).

3. Cornwell's affidavit concerns discovery disputes that are not material to the disposition of this motion.

Kreutzer. Kreutzer's deposition was taken on August 19, 1993. The court has reviewed the deposition and finds no mention of any written agreement pertaining to the sale of the ethanol facility, let alone any board of directors approval of the agreement.

Following the deposition, defendants submitted the affidavit of Kreutzer, who states that an agreement between Boulevard and Albert Kamas and Schlesinger pertaining to the sale of the ethanol facility was discussed and approved by the board of directors. Kreutzer was not able to locate any documentation confirming that such discussions or approval took place.[4]

The court declines to give credence to the statements in Kreutzer's affidavit. They constitute an effort by the defendants to create a sham fact issue. *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986). This court clearly recalls the August 6, 1993 hearing. Defendants' counsel specifically represented to this court that he needed to take Kreutzer's deposition and only that deposition to discover information about the side agreement and any board of directors' discussions pertaining to it. The record reflects the following exchange took place:

THE COURT: You're saying, as I understand it, Mr. Cornwell, that this man will testify that there was, number one, a side agreement, is that correct?

MR. CORNWELL: Yes, Your Honor.

THE COURT: And number two, that that agreement was discussed at meetings of the board of directors of the Boulevard State Bank?

MR. CORNWELL: That's what I've been told.

THE COURT: And, number three, that those discussions should be reflected in minutes?

MR. CORNWELL: Yes, Your Honor.

. . . .

THE COURT: So the bottom line of his testimony on this point is going to be either there should be additional minutes reflecting the discussions or the discussions weren't reflected in these minutes that are here for some reason. Isn't that what we're talking about?

MR. CORNWELL: I believe you're correct, Your Honor.

Defendants's counsel had a full opportunity to ask Kreutzer about the board of directors approval of any side agreement between Boulevard and Albert Kamas and Schlesinger involving the sale of an ethanol facility when they took his deposition. Defendants' counsel failed to exercise that opportunity. Counsel had every incentive to inquire of Kreutzer about the side agreements. It is his clients' prime defense to the FDIC's claims. Counsel's failure to inquire was a deliberate strategy to sandbag the FDIC and to further delay the ultimate resolution of this case.

■ Defendants have submitted a letter from Schlesinger to Kreutzer that purports to show the existence of an agreement between Boulevard and Albert Kamas and Schlesinger. FDIC responds that this letter fails to satisfy the requirements of § 1823(e) because it was not executed at the same time Boulevard acquired the guaranties, it was not approved by Boulevard's directors or loan committee, and it was not continuously kept as an official record of Boulevard. FDIC notes that the purpose of these requirements is to allow bank examiners to rely on a bank's records in evaluating the fiscal soundness of the bank. *Langley v. FDIC*, 484 U.S. 86, 91, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987).

The court agrees with the FDIC's position. Schlesinger's letter was written on January 16, 1987. It was not written on behalf of Boulevard. It was not continuously maintained as part of Boulevard's official records.

---

4. FDIC has submitted an affidavit from Kirk Swenson, a bank liquidation specialist responsible for supervising and handling the collection of the notes and guaranties given to Boulevard. Swenson states that he reviewed Boulevard's files and they do not contain any written documentation evidencing any agreement between Boulevard and Albert Kamas and Victor Schlesinger regarding the reimbursement of expenses or commissions arising from the sale of an ethanol facility in California.

Thus, a bank examiner could not ascertain the financial arrangements discussed in the letter by reviewing the bank's files. There is also no record of Boulevard's directors or loan committee ever approving the side agreement described therein. Accordingly, the court finds the letter fails to meet the requirements of § 1823(e).

Joan Kamas argues that the guaranty she signed was in connection with a loan transaction that predated the execution of the promissory notes at issue, and further that Boulevard did not rely on the guaranty. Neither argument is persuasive. The express language of the guaranty makes unambiguously clear that the guaranty covers the promissory notes at issue. Kamas guaranteed payment of "all existing and future indebtedness and liability of every kind" and the total liability of the guaranty was for "all obligations of Borrower." The fact that debts were already in existence when Kamas executed the guaranty is of no legal significance. Also, the FDIC need not prove the element of reliance to recover on its claim. *See Commercial Credit Corporation v. Harris*, 212 Kan. 310, 313, 510 P.2d 1322 (1973).

Joan Kamas argues that the guaranty was materially altered after it was executed. Kamas has no evidence to support this argument. When Kreutzer was asked in his deposition whether he was prepared to testify that the guaranty had actually been altered after it was submitted to Boulevard, he responded, "I'm not aware of that, no."

Even if the court were to assume that an alteration occurred after she signed the guaranty, it would not vitiate Kamas' liability. Kamas' argument is that someone added in handwriting an "X" beside the phrase "all obligations of Borrower to you regardless of amount." Kamas would have this court hold that because no box was checked when she signed the guaranty, she cannot be liable for the debts in question. In essence, the guaranty would be rendered nugatory.

Contract interpretations that vitiate the contract or reduce its terms to an ab-

surdity should be avoided. *Monarch Cement Co. v. Lone Star Industries, Inc.*, 982 F.2d 1448, 1456 (10th Cir.1992). A more reasonable interpretation is available. The guaranty contains language stating that Kamas guaranteed payment of "all existing and future indebtedness and liability of every kind." If Kamas had meant to limit the extent of her liability, she could have done so. In the absence of such a limitation, the court will not void the entire instrument.

The court notes that other circuits have refused to allow defendants who sign blank instruments to allege the fraudulent completion of those notes as a defense against the FDIC. For example, in *FDIC v. Venture Contractors, Inc.*, 825 F.2d 143 (7th Cir. 1987), the FDIC brought an action to recover on a guaranty. The guarantor argued that the guaranty was unenforceable because the execution date and the limitation on the obligors' liability was left blank. The court rejected that argument, finding that the guarantor was responsible for signing the guaranty in blank. The court held the fact that part of the guaranty was blank did not render § 1823(e) inapplicable. *Id.* at 151. *Accord FDIC v. Caporale*, 931 F.2d 1, 2 (1st Cir. 1991).

The FDIC's motion (Doc. 37) for summary judgment[5] against defendants Joan D. Kamas, Daniel M. Carney, Victor W. Schlesinger, and Lockeford Ethanol Corporation is hereby granted.

Motions for reconsideration of this order are not encouraged. Any motion for reconsideration shall be filed no later than February 22, 1994 and shall not exceed 5 pages. A response shall be filed no later than March 1, 1994 and shall not exceed 5 pages. No reply shall be allowed.

IT IS SO ORDERED.

---

5. The court's ruling bars the counterclaim of Albert Kamas and Victor Schlesinger on the basis of § 1823(e).