45 F.3d 423
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, Appellee,
v.
MONTERREY, INC., Defendants, Appellants.
 No. 94-1543.
 United States Court of Appeals,
First Circuit.
 Jan. 18, 1995.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge
 John M. Garcia with whom Garcia & Fernandez was on brief for appellants.
 David A. Felt, Counsel, with whom Colleen B. Bombardier, Senior Counsel, Ann S. Duross, Assistant General Counsel, Federal Deposit Insurance Corporation, and Gustavo A. Gelpi and Feldstein, Gelpi & Gotay were on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Having heard oral argument, and read the parties' briefs and the record, we affirm the judgment of the district court. We see no need to add substantially to the rationale in the district court's opinion and order. See Federal Deposit Ins. Corp. v. Monterrey, Inc., 847 F. Supp. 997 (D.P.R. 1994).
 
 
 2
 While, on appeal, appellants still contest and struggle to overcome the burden of D'Oench, Duhme & Co. Inc. v. FDIC, 315 U.S. 447 (1942), the district court's analysis of that issue is plainly correct. See also FDIC v. Caporale, 931 F.2d 1 91st Cir. 1991). We find nothing convincing in appellants' arguments based on the purported lack of consideration to Monterrey. Monterrey was not incorporated at the relevant time, and lack of consideration is unavailing for other reasons set out by appellee.
 
 
 3
 Nor, viewing the summary judgment materials in a light most favorable to plaintiff, do we find anything that could overcome the presumption of liability of the conjugal partnership. Mr. Pou's alleged reservations on this score, supposedly made verbally to agents of the failed bank, could not accomplish this for present purposes. While Mrs. Pou did not sign the note, the conjugal partnership was liable for the debts and obligations of either of its members. As one partner, Mrs. Pou stood to benefit from use of the loan proceeds to reduce her husband's debt unless it could be demonstrated, for some reason, that that particular debt was beyond the joint and several liability of the partnership. Evidence showing this is lacking. See FDIC v. Perez Perez, 637 F. Supp. 358 (D.P.R. 1986); WRC Properties, Inc. v. Santana, 16 Official Translations of the Supreme Court of P.R. 160 (1985).
 
 
 4
 Nor is there reason to treat the Mi Tacita stock, although registered to Mr. Pou, as beyond the purview of the conjugal partnership. No reason is suggested that the stock should be deemed to belong to Mr. Pou exclusively, rather than forming part of the pool of assets within the conjugal partnership and belonging to both spouses. If so, the use of loan proceeds to pay Mi Tacita's debt and to whatever extent, enhance the value of its stock, benefited both partners, not just Mr. Pou alone.
 
 
 5
 We have considered appellants' other arguments and are satisfied that the judgment below was correctly rendered.
 
 
 6
 Affirmed. Costs for appellee.