(329 P.3d 511)
No. 110,334

SHARALENE JONES, Administrator of the Estate of Byron J. Funk, Deceased, *Appellant*, v. GLENDA CULVER, *Appellee*.

Opinion filed June 6, 2014.

*Donald N. Peterson II* and *Sean M. McGivern*, of Withers, Gough, Pike, Pfaff & Peterson, LLC, of Wichita, for appellant.

*Michael L. Baumberger*, of Klenda Austerman LLC, of Wichita, for appellee.

Before MALONE, P.J., HILL and ARNOLD-BURGER, JJ.

HILL, J.: When Byron Funk died intestate 14 years after his divorce from Glenda Funk (now known as Culver), his former employer paid the proceeds from his retirement account to Glenda because she was still the named beneficiary of the account. Contending Glenda had no proper claim to this retirement account because of their divorce, Byron's estate sued Glenda seeking return of the proceeds on theories of breach of contract and unjust enrichment. The district court granted summary judgment to Glenda, and the estate appeals. Because the estate has neither shown us an

enforceable contract nor established all the required elements to prove unjust enrichment, we affirm the district court.

*The factual background is simple.*

Byron and Glenda were divorced in Sedgwick County in June 1998. The divorce decree indicated the court awarded Byron his 401(k) "as his sole and separate property, free and clear of any right, title, claim or interest" of Glenda. Glenda was awarded her vehicle, her IRAs, and other items. The divorce decree gave the parties the standard directions to finish the paper work:

"Each party shall promptly make, execute and deliver to the other party any and all deeds of conveyance, bills of sale, title of transfer, documents or any other instruments which may be necessary or convenient to carry out the terms of this Journal Entry. If either party fails to comply with the provisions of this paragraph, then this Journal Entry itself shall substitute as an actual grant, assignment, release and conveyance of the property and rights in such manner as shall be necessary or convenient to effectuate the terms hereof."

Byron died intestate on February 6, 2012. The proceeds of his 401(k) were distributed to Glenda, as she was still the named beneficiary on the account. The administrator of Byron's estate—his sister, Sharalene K. Jones—sued Glenda in the district court, alleging her retention of the proceeds constituted (1) unjust enrichment; (2) a breach of contract with Byron (*i.e.*, under the divorce decree); and (3) a breach of her fiduciary duty to Byron's Estate.

The court disposed of the breach of contract claim by ruling the Estate had failed to meet the burden of showing either the divorce decree or a pretrial order made in the case constituted a contract. The court denied judgment on the unjust enrichment claim because there was no benefit conferred upon Glenda by the Estate as required by the theory of unjust enrichment. The court also concluded that it was no more inequitable for Glenda to collect the proceeds of the 401(k) than it was for Jones or the Estate to do so.

The court added that under K.S.A. 60-1610(b) (now K.S.A. 2013 Supp. 23-2802[d]), a change in beneficiary must be addressed in a divorce decree or by the actions of the owner. The court determined this provision applies to trusts and that Byron's 401(k) qual-

ified as a trust. However, the court noted, Byron and Glenda's divorce decree did not mention a change in beneficiary. The court said it could not grant equitable relief where the parties failed to comply with K.S.A. 60-1610.

*We review some fundamental points of law.*

The district court's grant of summary judgment was based on its interpretation of the divorce decree and pretrial order. Issues involving the interpretation and legal effect of written contracts involve questions of law subject to unlimited review by this court. *Shamberg, Johnson & Bergman, Chtd. v. Oliver,* 289 Kan. 891, 900, 220 P.3d 333 (2009). The court's decision also rested on its interpretation of caselaw and Kansas statutes. We exercise unlimited review over these issues. See *Redd v. Kansas Truck Center,* 291 Kan. 176, 187-88, 239 P.3d 66 (2010).

To demonstrate a breach of contract claim, a plaintiff must show:
- a contract existed between the parties;
- there was sufficient consideration to support the contract;
- one party performed or was willing to perform the requirements of the contract;
- a party breached the contract; and
- there were damages to the plaintiff caused by the breach of the contract.

See *Commercial Credit Corporation v. Harris,* 212 Kan. 310, Syl. ¶ 2, 510 P.2d 1322 (1973); *City of Andover v. Southwestern Bell Telephone,* 37 Kan. App. 2d 358, 362, 153 P.3d 561 (2007). Jones' claim involved the first of these elements—whether a contract existed between the parties. And if there was a contract, we do not think it was breached.

The record reveals that the pretrial order, which was made during the divorce proceedings, listed the parties' proposed divisions of their marital assets. In a section titled "RESPONDENT'S PROPOSED DIVISION OF VALUES," Glenda listed "Byron's 401k" under "Husband." Other assets, such as "Glenda's IRA," were listed under "Wife." In a section titled "PETITIONER'S PROPOSED DIVISION OF VALUES," Byron listed his 401(k) under

"Husband." Thus, there was no conflict between the parties at that time—Byron's 401(k) should go to Byron.

On appeal, Jones argues the pretrial order constitutes a contract between Byron and Glenda in which they agreed Byron would keep his 401(k) account. Jones claims that because Glenda "agreed" in the pretrial order "to make no claim" to Byron's 401(k), she is "now in breach" of that agreement. We are not so persuaded. This language does not create a contract.

Here, the pretrial order merely reflects Byron's and Glenda's "proposals" or "suggestions" as to what should happen with their assets. As the district court pointed out, Byron and Glenda did not sign the order, and there is no contractual language in the order indicating the parties' proposals were binding or final or that the parties were purporting to agree on any particular asset. Instead, Byron and Glenda were simply offering suggestions as to how the various assets should be divided. The district court would later, in the divorce decree, make a final determination about the disposition of their marital property. Nothing about the pretrial order indicates it was a contract between Byron and Glenda.

Even if we would view the pretrial order as a contract, we see no breach of the contract. The order only proposed that Byron keep his 401(k) account. And there is no dispute that Byron did, in fact, keep his 401(k) account post-divorce.

What Byron arranged to have done with the *proceeds* of the asset upon his death is an entirely different matter. Byron was free to do whatever he wanted with the asset post-divorce. And if Byron desired, post-divorce, for Glenda to have the proceeds of the asset upon his death, Byron was free to make that arrangement. By leaving Glenda as the named beneficiary on the account, this court can only conclude that Byron must have intended such a result. Byron's and Glenda's pre-divorce claims over who would keep what assets has nothing to do with who Byron might choose to be the ultimate beneficiary of the asset at his death. In 14 years, he might have changed his mind. Byron retained the power to do whatever he wanted with the asset.

*The court properly denied the unjust enrichment claim.*

Jones argues the doctrine of unjust enrichment "allows parties like Jones, as the administrator of [Byron's] estate, to recover funds which in equity and good conscience belong to the estate."

In Kansas, the elements of an unjust enrichment claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. *Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*, 259 Kan. 166, 177, 910 P.2d 839 (1996).

We focus on the third element. In our view, the district court correctly determined the acceptance or retention of the 401(k) benefits by Glenda was not under such circumstances as to make it inequitable for her to retain the 401(k) proceeds without payment of their value. See *Haz-Mat Response, Inc.*, 259 Kan. at 177.

Byron retained possession of his 401(k) account post-divorce. What he arranged to have done with the *proceeds* of the asset upon his death was up to him. Even if Byron and Glenda agreed Byron would keep his 401(k) as his sole property, free and clear of any right, title, claim, or interest Glenda may have had in it, Byron was still free to do whatever he wanted with it post-divorce. If Byron desired, post-divorce, for Glenda to have the proceeds of the asset upon his death, Byron was free to make that arrangement. By leaving Glenda as the named beneficiary on the account, this court can only conclude that Byron must have intended such a result.

The Estate argues that Byron was not learned in the law and that he must have assumed the divorce decree was all that was needed to remove Glenda as the beneficiary. There is no proof of that in the record. Actions and refraining from acting are evidence a court can base a judgment on.

In finding it was not inequitable for Glenda to keep the proceeds of the account, the district court reasoned that K.S.A. 60-1610 requires a change in beneficiary be addressed in a divorce decree. Namely, K.S.A. 60-1610(b) states a divorce decree shall divide the

real and personal property of the parties, including any retirement and pension plans, and that the decree

"shall provide for any changes in beneficiary designation on . . . any trust instrument under which one party is the grantor . . . . Nothing in this section shall relieve the parties of the obligation to effectuate any change in beneficiary designation by the filing of such change with the insurer or issuer in accordance with the terms of such policy."

The court determined that Byron's 401(k) qualified as a trust (which Jones conceded) and pointed out that Byron and Glenda's divorce decree did not refer to changes in a beneficiary. The court therefore concluded it would not grant equitable relief where there was a failure to comply with K.S.A. 60-1610.

On appeal, Jones argues K.S.A. 60-1610 is inapplicable because Byron was not the "grantor" of a trust instrument. Jones says Byron's employer was the grantor instead. We remain unconvinced.

Black's Law Dictionary defines "grantor" as "[o]ne who conveys property to another" and a "[s]ettlor." Black's Law Dictionary 769 (9th ed. 2009). Kansas' Uniform Trust Code defines a "settlor" as "a person, including a testator, who creates, or contributes property to, a trust." K.S.A. 2013 Supp. 58a-103(14).The section states: "If more than one person creates or contributes property to a trust, each person is a settlor of the portion of the trust property attributable to that person's contribution except to the extent another person has the power to revoke or withdraw that portion." K.S.A. 2013 Supp. 58a-103(14).

By allowing his earnings to contribute to the 401(k) plan created by his employer, Byron was a settlor of the trust. Byron contributed part of his property to the trust. Jones cites authority for the idea that Byron's employer is a grantor, but she fails to demonstrate that Byron is not a settlor of the trust.

As Byron was a grantor of a trust at the time of divorce, it was necessary that the divorce decree provide for any changes in a beneficiary designation related to that trust. Because the divorce decree did not do so, there was a failure to comply with K.S.A. 60-1610(b). Byron and Glenda were obligated, then, to make any changes to beneficiary designations as they saw fit. Where Byron failed to make a change to the beneficiary designation on his 401(k)

account, the district court correctly refused to modify this legal obligation as a matter of equity.

Jones has failed to demonstrate there was a benefit conferred upon Glenda by Jones and that Glenda's acceptance of the benefit would be inequitable. The district court did not err in granting summary judgment to Glenda on Jones' unjust enrichment claim.

Affirmed.