**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Angel ALVAREZ LAU, et al., Defendants.**

**Civ. No. 87–0507 (JAF).**

United States District Court, D. Puerto Rico.

Feb. 25, 1988.

Frank Gotay Barquet, Feldstein Gelpi Hernandez & Gotay, Thomas A. Rose, Deputy Gen. Counsel, Rae Schupack, Regional Counsel, Nancy Pujals, Sr. Atty., F.D.I.C., San Juan, P.R., for plaintiff.

Roberto Busó Aboy, San Juan, P.R., for defendants.

**OPINION AND ORDER**

FUSTE, District Judge.

This is another in a series of collection actions by the Federal Deposit Insurance

---

Corporation ("FDIC") concerning the assets of the failed bank, Girod Trust Company ("Girod"). Since the FDIC brings this action in its corporate capacity, federal jurisdiction is present. 12 U.S.C. sec. 1819 and 28 U.S.C. sec. 1345. The matter now stands submitted on plaintiff's unopposed motion for summary judgment. Docket Document No. 27. For the reasons that follow, we grant the motion and enter summary judgment in plaintiff's favor.

## I.

In August 1984, the Secretary of the Treasury of the Commonwealth of Puerto Rico declared Girod to be in an unsound financial position and insolvent. Pursuant to 12 U.S.C. sec. 1821(e), the FDIC was appointed as receiver for Girod and subsequently, in its corporate capacity, the FDIC purchased certain of Girod's assets. In contention in the instant case are several of those assets purchased from the receiver and concerning former Girod official Angel Alvarez Lau ("Alvarez").

The first three counts of the complaint as amended, Docket Document No. 27A, allege that Alvarez negotiated and executed to Girod three promissory notes, with various payment and interest terms, for a total of $335,000. According to the complaint, Alvarez still owes approximately $288,000 on those notes, exclusive of the interest which continues to accrue. The fourth count details promissory notes for $200,000 and $500,000 executed and negotiated to Girod by Alvarez and Alva Mortgage and Finance Corp. ("Alva"), doing business under the name Alva Finance, Inc.[1] The FDIC asserts that principal of over $200,000, not counting interest still accumulating, remains due on those notes. The final count of the complaint demands payment on the purchase by Alvarez from Girod of 199.01 ounces of gold at $344.50, for a total of approximately $68,558.95. According to the complaint, Alvarez is in default for that

entire obligation and the FDIC contends that pursuant to 31 L.P.R.A. sec. 4591, interest is accumulating at the rate of 6% per annum.

In their answer, Docket Document No. 12, and in answers to interrogatories from the FDIC, Docket Document Nos. 14 and 15, defendants admit the negotiation and execution of the notes and the purchase of the gold, but dispute the liability of codefendants Carmen Miranda, Alvarez' wife, and the conjugal partnership formed by Alvarez and Miranda.[2] Plaintiff now moves for summary judgment, and has submitted with its motion the declaration under penalty of perjury, 28 U.S.C. sec. 1746, of José A. Pomar, the FDIC account officer in charge of liquidating the indebtedness of Alvarez and Alva. Plaintiff has also submitted a memorandum of law addressing the joint liability of Alvarez' spouse and conjugal partnership. Although given adequate time to do so, defendants have not opposed the motion.

## II.

The liability of codefendants Alvarez and Alva is indisputable. They admit to contracting the debts and no longer contest the amount remaining on the obligations. There is no genuine issue of fact concerning Alvarez' liability for the remainder due on the five promissory notes and the gold purchase, assets numbered 154000044, 151000043, 151000042, 151000038, and 451000013 in the amended complaint, and Alva's liability for the remainder due on the two promissory notes it negotiated and executed, asset number 151000038.

Judgment, therefore, will be entered for the amounts set forth in Pomar's declaration. The interest due will be calculated in accordance with the terms of the notes. In addition, plaintiffs correctly argue that interest on the gold purchase should be calculated at the rate of 6% per year. 31 L.P.R.A. secs. 3872(3) and 4591. The rate

1. Codefendant Alvarez owned all of the shares of Alva Mortgage and Finance Corporation.

2. Defendants' answer, which addressed the original complaint, also disputed the amounts owed on the debts. The complaint was subsequently amended to reflect a large payment by Alva and amounts incorrectly credited to Alvarez' obligations. Our opinion, order, and judgment refer to the amended complaint.

should be applied to the total amount due from the date the FDIC filed its complaint. 31 L.P.R.A. sec. 3017.

### III.

▮ The liability of the conjugal partnership formed by Alvarez and Miranda may also be determined as a matter of law and is thus subject to summary judgment. When, as here, the FDIC sues in its corporate capacity and jurisdiction is not based on diversity of citizenship, federal law applies. *D'Oench Duhme & Co. v. FDIC,* 315 U.S. 447, 455, 62 S.Ct. 676, 678, 86 L.Ed. 956 (1942); *American National Bank v. FDIC,* 710 F.2d 1528, 1534 ((11th Cir.1983); *FDIC v. Tito Castro Construction, Inc.,* 548 F.Supp. 1224, 1225–6 (D.P.R. 1982). It has been suggested that when there exists no applicable federal statute, courts may turn in fashioning federal common law to the laws of the state in which the transaction was made. *D'Oench Duhme,* 315 U.S. at 474, 62 S.Ct. at 687 (Jackson, J., concurring) ("No doubt many questions as to the liability of parties to commercial paper which comes into the hands of the Corporation will best be solved by applying the local law with reference to which the maker and the insured bank presumably contracted."). *Cf., American National Bank,* 710 F.2d at 1534 (citing Jackson's concurrence and applying Florida law when parties executed agreement in that state and relied on Florida law in presenting appeal).

State law may not be used, however, if its application would frustrate the federal interest in empowering the FDIC with the capacity to act as receiver for, or in its corporate capacity regarding, the assets of failed banks. Thus, when state law defenses would deny the FDIC recovery on promissory notes acquired from a failed bank, they have not been applied. *See e.g., Tito Castro,* 548 F.Supp. at 1226–7 (refusing to apply state usury law).

In the instance of conjugal partnership liability, we are faced with no applicable federal standards and look instead to Puerto Rico law, under which the parties originally bound themselves. As the following analysis indicates, application of Puerto Rico law upholds the FDIC's claim.

The standard for liability of the conjugal partnership for debts contracted by one spouse is found first in Article 1308 of the Civil Code, which now reads that "[c]hargeable to the community property shall be ... [a]ll debts and obligations contracted during the marriage by either of the spouses." 31 L.P.R.A. sec. 3661.

This passage has been interpreted by the Supreme Court of Puerto Rico to create a rebuttable presumption in favor of conjugal partnership liability. The Court in *WRC Properties, Inc. v. Heriberto Santana,* 85 J.T.S. 12 (1985), and *Banco de Ahorro del Oeste v. Santos,* 112 D.P.R. 70 (1982), stated that either spouse could obligate the conjugal partnership so long as the debt or obligation was made in the family interest[3] and not for the sole personal benefit of the borrower, and so long as there was no intent to defraud the other spouse. *See FDIC v. Pérez Pérez,* 637 F.Supp. 358, 361 (D.P.R.1986). To effectively counter the presumption, the non-contracting spouse must make a *prima facie* showing that he or she received no benefit from the incurred debt. If such a showing is made, the liability of the conjugal partnership becomes subsidiary to the "prior marshalling of assets belonging to the debtor-spouse." *Pérez Pérez,* 637 F.Supp. at 361 (interpreting the *Santana* opinion).

Virtually no proof has been offered to rebut the presumption that the loans contracted by Alvarez went to benefit his conjugal partnership with Miranda. Defendants instead assert that the loans were used "as working capital together with other funds in the regular course of [his] business." Answers of Alvarez and of the

---

**3.** The concept of "family interest" should be seen in light of the economic status and business realities of the spouse and the conjugal partnership; it is not circumscribed to basic family needs such as food and lodging. For example, a family/conjugal partnership may find it difficult to reject a hundred-thousand-dollar transaction if it was usual for them to engage in such debt or to live at such a level.

conjugal partnership to interrogatories number 2, 4, and 6, Docket Document No. 14. Such a purpose clearly does not indicate that Alvarez intended to benefit only himself or to defraud his spouse Miranda. Thus, the presumption of conjugal partnership liability remains with respect to the promissory notes.

Moreover, since all property acquired during the marriage is considered conjugal property, 31 L.P.R.A. sec. 3641, and since defendants have not "proven that [the debt] belongs exclusively to the husband or to the wife," 31 L.P.R.A. sec. 3647, the gold purchase is similarly chargeable to the partnership. Under Puerto Rico law, the conjugal partnership is jointly and severally liable for Alvarez' debts.[4]

## IV.

█ It remains only to address the personal liability of Carmen Miranda. Because of factual differences and other relevant Puerto Rico case law, we decline to adopt the FDIC's reading of the *Pérez Pérez* opinion, *supra*, to support its contention that Miranda is liable in her personal capacity, beyond her legal interest in the conjugal partnership. In that case, both the husband and wife had admitted liability for one of the promissory notes at issue, 637 F.Supp. at 359, and the wife was in fact a co-signer with her husband of several mortgage notes guaranteeing previous promissory notes. 637 F.Supp. at 359–60. Here, Miranda personally neither signed nor admitted liability for *any* of Alvarez' obligations and we are unwilling to draw the analogy the plaintiff wishes between these two cases.

Moreover, the Supreme Court of Puerto Rico has noted that Article 1308 of the Civil Code, 31 L.P.R.A. sec. 3661, cannot be interpreted to create personal liability for an individual spouse beyond the interest in the conjugal partnership, as if the nondebtor spouse had voluntarily assumed the other's obligation jointly and severally. Security principles, as defined in the Civil Code, 31 L.P.R.A. sec. 4871, are not applicable and the FDIC's claim in this respect must be denied in light of the clear Puerto Rico Supreme Court language concerning such situations. *See WRC Properties,* 85 J.T.S. at 3855; *Pauneto Rivera v. Núñez Borges,* 84 J.T.S. 62.

## V.

In sum, judgment will be entered as follows:

1. Against Angel Alvarez Lau and the conjugal partnership formed by him and Carmen Miranda in the amount of $87,-000.00 on Asset No. 154000044, with interest amounting to $25,687.06 as of January 15, 1988, and calculated thereafter at the rate of $20.86 per diem.

2. Against Angel Alvarez Lau and the conjugal partnership formed by him and Carmen Miranda in the amount of $160,-000.00 on Asset No. 151000043, with interest amounting to $55,338.08 as of January 15, 1988, and calculated thereafter at the rate of $52.60 per diem.

3. Against Angel Alvarez Lau and the conjugal partnership formed by him and Carmen Miranda in the amount of $40,-702.67 on Asset No. 151000042, with interest amounting to $11,662.15 as of January 15, 1988, and calculated thereafter at the rate of $11.71 per diem.

4. Against Angel Alvarez Lau, Alva Mortgage and Finance Corporation, and the conjugal partnership formed by Angel Alvarez Lau and Carmen Miranda in the amount of $212,775.03 on Asset No. 151000038, with interest amounting to $44,-519.54 as of January 15, 1988, and calculated thereafter at the rate of $51.00 per diem.

5. Against Angel Alvarez Lau and the conjugal partnership formed by him and Carmen Miranda in the amount of $68,-558.95 on Asset No. 451000013, with interest to be calculated on that date at the rate

---

**4.** Because we have appropriately applied Puerto Rico state law standards to the FDIC's claim, we need not and do not address plaintiff's argument that the conjugal partnership is liable under a purely federal standard, namely that 12 U.S.C. sec. 1823(e) forbids Alvarez from retroactively changing the terms of his original agreement with Girod.

of 6% per annum from April 14, 1987, the date the FDIC complaint was filed.

6. The complaint as it pertains to defendant Carmen Miranda beyond her interest in her conjugal partnership with Alvarez will be DISMISSED.

IT IS SO ORDERED.