**In re Natanael LOPEZ MELENDEZ, Debtor.**

**Appeal of ISLAND FINANCE CORPORATION, Creditor Appellant.**

**Civ. No. 92–1295 (JAF).
Bankruptcy No. 90–03751 SEK.**

United States District Court, D. Puerto Rico.

Sept. 16, 1992.

ed States District Court to certify the issues involved to the New Hampshire Supreme Court,

Stanley L. Feldstein, Feldstein Gelpi & Gotay, San Juan, P.R., for appellant.

Angel L. Medina Arana, San Juan, P.R., for appellee Jan P. Johnson, Chapter 13 Trustee.

### OPINION AND ORDER

FUSTE, District Judge.

over it under 28 U.S.C. § 158(a). The appeal presents the question of whether the signature of one spouse on a promissory note establishing a loan makes her personally liable for a debt as a co-debtor [1] when her spouse files for bankruptcy under Chapter 13 of the Bankruptcy Code.

## Facts

Natanael Lopez Melendez filed for personal bankruptcy under Chapter 13 on October 10, 1990. He filed a plan dated October 4, 1990 which, pursuant to 11 U.S.C. § 1322, proposed two classifications for his outstanding debts: an A category of unsecured claims with a co-debtor where the creditor would receive 100% payment, and a B category of unsecured claims without a co-debtor where the creditor would receive payment of less than 100%. Distinguishing between an A category and a B category is authorized by 11 U.S.C. § 1322, which states that a plan may "treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims." In the case of Island Finance's claim ("claim No. 6"), debtor's non-filing spouse had co-signed the loan.

On December 20, 1990, the trustee filed a report disputing the inclusion of claim No. 6 in the A category. The trustee argued that the presence of claim No. 6 in the A category discriminated against the other unsecured claims in the B category because the co-signatory was the debtor's wife and was not personally liable. Under 11 U.S.C. § 1322(a)(3), "if the plan classifies claims, [it must] provide the same treatment for each claim within a particular class." The trustee argued that since the debtor's spouse was not a co-debtor, claim No. 6 could not be treated differently than the other B category claims. The bankruptcy court upheld this interpretation of the relevant state law and Bankruptcy Code provisions, finding that a debtor's spouse could not be a co-debtor. It assigned Island Finance's claim to the B category with the other claims, without co-debtor's. Island Finance disputes the court's finding that a non-debtor spouse cannot be a co-debtor.

## Discussion

The obligations of signatories to a loan are determined by state contract law, and in this case, where the loan involves spouses, the law governing the marital community as well. In the context of a bankruptcy claim, the definitions of the Code may also have an impact on those obligations. Therefore, we must examine state contract law, marital law, and Chapter 13.

### Puerto Rico Contract Law

■ Appellant argues that under Puerto Rico law, the debtor's wife assumed an obligation *in solido* when she co-signed the promissory note which formed the basis of the loan from Island Finance to the debtor. The provision governing joint obligations specifies that the manner in which an obligation is shared is determined by the document. 31 L.P.R.A. § 3101. The Supreme Court of Puerto Rico has also held that "[a]n obligation cannot be considered *in solidum* 'unless such an intention clearly appears in the instrument.'" *Pauneto v. Nunez*, 115 D.P.R. 591, 596, 15 Official Translations 777, 784 (1984) (citation omitted). In this case, the promissory note signed by the debtor and his wife read "the undersigned jointly and severally" agree to pay.[2] The Supreme Court of Puerto Rico

---

**1.** The expression co-debtor may be used in two different ways: (1) spouses filing a joint petition under 11 U.S.C. § 302 are often referred to as co-debtors; and (2) an individual liable on the same debt as the debtor is also generally referred to as a co-debtor for purposes of 11 U.S.C. § 1301. In this case, where debtor's wife did not join debtor's bankruptcy petition, she is not his co-debtor in the first sense. The dispute in this case is whether she is his co-debtor in the second sense. Therefore, when we use the term

co-debtor in this opinion, it is meant only in the second sense.

**2.** The language in the document reads: "Por valor recibido, los abajo firmantes *mancomunada y solidariamente* pagaremos mensualmente a la orden de la compania arriba mencionada en sus oficinas, sujeto a las condiciones mencionadas en este documento, la cantidad financiada y cargos de financiamiento hasta el saldo total de la obligacion." While "mancomunada" and "solidariamente" may not exactly correspond to the·

has found that the language "[w]e promise to pay jointly and severally," constitutes the acceptance of liability *in solidum*, "giving to the creditor the special rights and powers of this kind of obligation, among them that of claiming fulfillment by any one of the obligors in the whole amount." *P. Millon & Co. v. Caamano*, 38 P.R.R. 174, 180 (1928). It is clear that the intention of this document was to create an obligation *in solidum* and, therefore, under Puerto Rico law, the co-signatories of the document in question may be held jointly and severally liable.

### The Law of Conjugal Partnerships in Puerto Rico

■ The next step is to see to what extent the marital relationship impacts upon this liability. Under Puerto Rico law, "[a]ll debts and obligations contracted during the marriage by either of the spouses" are chargeable to community property. 31 L.P.R.A. § 3661(1). This debt was contracted during the marriage and is, therefore, chargeable to community property. In this case, the bankruptcy court found that "the underlying debt of claim # 6 is a 'community claim.'" *In the Matter of Natanael Lopez Melendez*, Case No. 90–03751(SEK) at 3 (January 21, 1992). Because the underlying debt was a community claim, reasoned the court, the non-filing spouse could not be a co-debtor under Chapter 13. Under the law governing marital property, it is clear that where both spouses contract an obligation, that obligation is chargeable to community property. Therefore, the conjugal partnership is liable for the debt. What is in dispute, however, is whether the fact that both spouses signed the document makes each spouse personally liable as well.

■ The Supreme Court of Puerto Rico has found that "[t]he marital community does not absorb the individual personality of the spouses that make it up." *International Charter Mortgage Co. v. Registrar*, 110 D.P.R. 862, 867, 10 Official Translations 1126, 1133 (1981); *Pauneto v. Nunez*, 115 D.P.R. at 594, 15 Official Translations at 781. Courts in this jurisdiction, including this court, have found that both spouses may be subsidiarily liable for deficiencies where they have voluntarily assumed those obligations as a co-signatory. *Federal Deposit Ins. Corp. v. Perez–Perez*, 637 F.Supp. 358 (D.P.R.1986); *Federal Deposit Ins. Corp. v. Alvarez–Lau*, 681 F.Supp. 977, 980 (D.P.R.1988). The opinion of the bankruptcy court itself implies that there is a distinction between community property and debtor's personal property.[3] Under Puerto Rico law, there is a distinction between community property, which is encompassed in the bankruptcy, and each spouse's personal property. 31 L.P.R.A. § 3631. The personal property of the filing spouse and the property of the conjugal partnership are part of the bankrupt estate, and so subject to the automatic stay of 11 U.S.C. § 362. The personal property of the non-filing spouse, however, is not part of the bankrupt estate and remains available to pay her personal obligations.

■ We do not agree with the bankruptcy court that assigning the claim to be a "community claim" means that the non-filing spouse may not be understood to be a co-debtor for purposes of the bankruptcy plan. Where the non-filing spouse has assumed personal liability, she should be protected from collection.

### Bankruptcy Code

■ Our interpretation of state law must also be consistent with the parameters established by the Bankruptcy Code. The existence of the separate classification of

---

terms "joint", "several", and "joint and several", *Federal Deposit Ins. Corp. v. Consolidated Mortg. and Finance Corp.*, 691 F.Supp. 557, 562 n. 2 (D.P.R.1988), it is clear that this language intended to make the co-signatory responsible for the repayment of the loan.

**3.** The court writes that "[a]ttempts to collect this debt from community property or from Debt-

or's separate property outside the confirmed plan, are enjoined by 11 U.S.C. Sections 362 & 541." *In the Matter of Natanael Lopez Melendez*, Case No. 90–03751(SEK) at 5 (January 21, 1992). The bankruptcy reaches the husband's personal property and the community property, but does not touch the wife's personal property.

co-debtor claims under section 1322(b)(1) caused many of those creditors whose claims were separately classified to seek payment from the co-debtor. Where those co-debtors were close friends and family of the debtor, this put indirect pressure on the debtor to give preference to those claims to protect those friends and family. Therefore, Congress passed a provision which created a stay for co-debtors of non-business loans. 11 U.S.C. § 1301. The legislative history of section 1301 specifically mentions that the section "is designed to protect a debtor operating under a chapter 13 individual repayment plan case by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have cosigned an obligation of the debtor." H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. 426, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6381. However, section 1301 allows the court to grant relief from the stay to a creditor where the individual is liable on the debt with the debtor to the extent that the co-debtor "received the consideration for the claim held by such creditor." 11 U.S.C. § 1301(c)(1).

This provision has been interpreted by one commentator as signifying that where the debtor rather than the co-debtor is in fact the co-signor and does not benefit from the loan, Congress did not intend to extend the protection of section 1301 to the co-debtor. Lawrence P. King, *Collier on Bankruptcy* § 1301.01(6)(a) at 1301–07 (1992). The trustee argues that since "[C]ongress did not intend to allow the codebtor stay to be asserted by a co-obligor who in fact received the consideration for the debt," a spouse cannot be a co-debtor. *In re Bigalk*, 75 B.R. 561, 566 (Bankr. D.Minn.1987) (citing *In re Cooper*, 3 B.R. 246, 248 (Bankr.S.D.Cal.1980), and *In re Johnson*, 1 Collier Bankr.Cas.2d (MB) 547, 548 (Bankr.W.D.N.Y.1980)). Where the non-debtor spouse has co-signed on a loan which benefits the conjugal partnership, the trustee reasons, she has also benefitted. However, the cases cited by the trustee are distinguishable. In *In re Bigalk* and *In re Johnson, supra,* the debtor himself did not get *any* consideration: in one, the husband signed a loan which solely benefitted his spouse's farming operation, and in the other a father co-signed a loan for the benefit of his son and son's wife. In *In re Cooper, supra,* the court specifically found that the wife was an obligor along with her debtor husband under California law. The trustee infers from this that in any community property jurisdiction a spouse cannot be a co-debtor because the non-debtor spouse will always benefit from any loan. However, in Puerto Rico, it is the conjugal partnership which receives the consideration from the loan, not debtor's spouse in her personal capacity. To the extent that the non-debtor spouse is part of the conjugal partnership, she has benefitted, but she has not benefitted personally. She remains personally liable as a co-signatory. Therefore, she should be eligible for the stay provided by section 1301 for co-debtors, at least in her personal capacity. We find debtor's spouse is a co-debtor for purposes of section 1301.

### Conclusion

Since we have found that a non-filing spouse can voluntarily assume obligations that create personal liability in her, we order that the claim of Island Finance Corporation be returned to the A category. The co-debtor spouse is entitled to the benefits of 11 U.S.C. § 1301.

The case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

IT IS SO ORDERED.