In re Mercedes Esther RIVERA, Debtor.

Antonio Cordova GONZALEZ, Appellant,

v.

Mercedes Esther RIVERA, Appellee.

Civil No. 96–1315 (JAF).
Bankruptcy No. B94–01956–ESL.

United States District Court,
D. Puerto Rico.

Sept. 30, 1997.

Antoniio Cordova–Gonzalez, Miami, FL, Pro Se.

Charles A. Cuprill–Hernandez, Ponce, PR, for Appellee.

## OPINION AND ORDER

FUSTE, District Judge.

### I.

In April 1994, debtor-appellee, Mercedes Esther Rivera, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. At the time, she was married to appellant, Antonio Córdova–González ("Mr. Córdova"). Consequently, hers and Mr. Córdova's interest in community property became property of the bankruptcy estate. 11 U.S.C. § 541(a)(2) (1988). Later that year, the couple obtained a divorce decree. Since approximately August 1995, Mr. Córdova has been raising objections to the disposition of the bankruptcy estate's real property. *Bankruptcy Court Docket Document No. 82.* In the instant matter, Mr. Córdova appeals from several bankruptcy court orders that involve the disposition of alleged community property. This court has jurisdiction to entertain the present appeal under 28 U.S.C. § 158(a) (1988). After reviewing the bankruptcy court's opinion and order, appellant's brief, appellee's opposition, and other perti-

nent court documents, we **AFFIRM** the bankruptcy court's decision.

## II.

Sitting as an appellate court reviewing decisions of the bankruptcy court, we review the bankruptcy court's factual findings under a clear error standard, and its conclusions of law under a de novo standard. *In re G.S.F. Corp.,* 938 F.2d 1467, 1474 (1st Cir.1991); *Matter of Torres López,* 138 B.R. 348, 349 (D.P.R.1992). It appears that Mr. Córdova appeals from (1) an order of the bankruptcy court granting Ms. Rivera leave to sell the real property known as "La Cobacha", and (2) the bankruptcy court's finding that Ms. Rivera was the sole owner of certain real properties that allegedly belong to the Córdova–Rivera conjugal partnership. Appellant argues that the bankruptcy court should have ordered a stay of proceedings and a hearing on this property ownership issue. We will analyze each issue raised in turn.

### A. *Sale of La Cobacha*

11 U.S.C. § 541(a)(2) (1988) lists community property as property of a debtor's bankruptcy estate. Section 541(a)(2) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: . . .

(2) All interest of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(a) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

■ Thus, in community property jurisdictions such as Puerto Rico, *see* 31 L.P.R.A. § 3621 (1990), when one spouse files for bankruptcy, the interests in the community property of both the debtor and non-debtor spouse become property of the estate for the satisfaction of claims against the debtor. *In re López Meléndez,* 145 B.R. 740, 742 (D.P.R. 1992).

Mr. Córdova does not dispute that La Cobacha is community property and, therefore, property of the bankruptcy estate. Rather, he argues that the bankruptcy court did not permit him to exercise his right to purchase the property before it was sold to a third party as required by the Puerto Rico Civil Code. 31 L.P.R.A. §§ 3921, 3922, 3924 (1990). He further argues in a very cursory fashion that the bankruptcy court erred in ordering the sale of La Cobacha when there was no interest of any creditor, the property was not an expense to the estate, and its sale was not aimed at paying any debt.

■ Contrary to appellant's allegations, we find that the bankruptcy court was justified in allowing the sale of La Cobacha. Under the Bankruptcy Code, a court can order the sale of a nondebtor's co-ownership interest under particular circumstances. Sections 363(h) and (i) provide that:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

(i) Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the

estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

Moreover, a sale under Section 363 must proceed by an adversary hearing. Fed. R. Bankr.P. 7001(3).

In the instant case, the bankruptcy court held a hearing on debtor's application for leave to sell La Cobacha. The court found that the debtor had met the four requirements of Section 363(h), and appellant does not contest such finding. Once the bankruptcy court granted Ms. Rivera leave to sell the property, Mr. Córdova was given the opportunity to purchase the property at the proposed sale price as required by Section 363(i), a provision similar to the right of redemption provided by the Puerto Rico Civil Code. Mr. Córdova failed, however, to make a firm offer for the property as he proposed or take any steps to consummate his proposal. Once the price of the property was set, Mr. Córdova had to come forward with a definite proposal. *See* 3 *Collier on Bankruptcy* § 363.08[5] (15th ed.1996). Potential buyers had offered debtor $4,000 for the property and it was Mr. Córdova's turn to make a firm offer for the property. In sum, appellant's argument against the sale of La Cobacha is meritless.

## B. *Sale of the San Patricio and Bayamón Properties*

In his notice of appeal, appellant also argues that the bankruptcy court violated his due process rights when it determined that certain real properties were privately owned by debtor-appellee without granting him a stay of further proceedings and a hearing on the matter. The real properties in question are located in San Patricio and Bayamón, Puerto Rico. These properties originally belonged to Ms. Rivera's parents. On June 10, 1975, the Superior Court, Bayamón Part, adjudicated these properties to Ms. Rivera as her hereditary participation in the estate of her deceased parents. Mr. Córdova was a party to this proceeding, in which the Superi-

or Court also adjudicated property to him as a creditor of the Riveras' estate. *See Docket Document No. 6, Exhibit App. 1.*

■ Mr. Córdova has not furnished any evidence showing that the Superior Court's judgment is invalid. Instead, Mr. Córdova argues that the Córdova–Rivera conjugal partnership provided the necessary funds to have these properties adjudicated to Ms. Rivera, and, therefore, the properties belong to the conjugal partnership. Be that as it may, any challenge that Mr. Córdova has regarding the ownership of the properties in question must be brought before a local court. Characterization of property as separate or community is determined by state law. *See* 5 *Collier on Bankruptcy* § 541.13 (15th ed.1996). Presently, it remains uncontested that the San Patricio and Bayamón properties are owned exclusively by debtor-appellee pursuant to the Superior Court judgment.

■ Additionally, as we previously explained, under the Bankruptcy Code, the debtor's personal property, as well as community property, is part of the bankruptcy estate. 11 U.S.C. § 541(a)(2) (1988). Thus, whether or not the San Patricio and Bayamón properties are personal or community property, they are now part of the bankruptcy estate. Until all creditors, including those who hold community claims, *see* 11 U.S.C. § 101(7), (10)(c) (1988), are paid in full, all of debtor's personal and community property remain in the bankruptcy estate. *See* 5 *Collier on Bankruptcy* § 541.13 (15th ed.1996).

### III.

In light of the foregoing, we **AFFIRM** the bankruptcy court's decision.

**IT IS SO ORDERED.**