**KODAK AMERICAS, LTD., Plaintiff,**

v.

**CARIBBEAN PHOTO & IMAGING COMPANY, INC.; Ignacio Martinez Castro, his wife Yolanda Prohias, and the Conjugal Partnership composed by them, and Alicia Martinez Castro, Defendants.**

**No. CIV. 01–1157(JAF).**

United States District Court,
D. Puerto Rico.

Dec. 19, 2002.

Edgardo Munoz–Maldonado, Garcia & Fernandez, San Juan, for Kodak Americas, Ltd. plaintiff.

Charles A. Cuprill–Hernandez, San Juan, for Caribbean Photo & Imaging Company, Inc., Ignacio Martinez–Castro, Yolanda Prohias, Conjugal Partnership Martinez–Prohias, Alicia Martinez–Castro defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiff Kodak Americas Ltd. ("Plaintiff") and Co–Defendant Yolanda Prohias ("Defendant"), personally and as a member of the conjugal partnership composed with Ignacio Martínez Castro ("Martínez Castro"), filed a joint motion requesting, inter alia, voluntary dismissal of the counter-claims and a consent judgment. *Docket Document No. 61.* The parties submitted to this court the narrow question whether, as a matter of law, Yolanda Prohias is liable personally or as a member of the conjugal partnership for the monies owed to Kodak under the various agreements that were the object of the original complaint. *Id.*

## I.

### Factual and Procedural Synopsis

Unless indicated otherwise, we derive the following factual summary from the complaint. *Docket Document No. 1.*

Plaintiff Kodak is incorporated and maintains its principal place of business in the state of New York, and is authorized to do business in Puerto Rico. Plaintiff Kodak distributes and sells photographic film, paper, chemicals, equipment, and other products.

Defendant Caribbean Photo is a corporation organized under the laws of Puerto Rico and maintains its principal place of business in Puerto Rico. Plaintiff Kodak owns ten percent of the stock of Caribbean Photo.

Defendants Ignacio Martínez–Castro, Prohias, and Alicia Martínez–Castro are domiciliaries of Puerto Rico. Defendants Ignacio and Alicia Martínez–Castro are siblings. *Docket Document No. 26, Exh. A.* Defendant Ignacio Martínez–Castro owns fifty-one percent of the stock of Caribbean Photo and is the president of said corporation. Defendant Alicia Martínez–Castro owns thirty-nine percent of the stock of Caribbean Photo.

On May 28, 1998, Plaintiff Kodak and Caribbean Photo entered into an asset purchase and sale agreement. Plaintiff

Kodak sold to Caribbean Photo the operations of its imaging and photo finishing retail stores in Puerto Rico in return for 1,000 shares of Caribbean Photo valued at $424,778 and an additional $2,556,222 to be paid over several years. On August 19, 1998, Caribbean Photo executed a promissory note which outlined the terms of payment of the latter sum and was guaranteed by a security agreement. Under the promissory note, the principal amount of $2,556,222, plus interest, was to be paid by Caribbean Photo to Plaintiff Kodak in ten semi-annual payments, beginning February 19, 1999. The security agreement gave Plaintiff Kodak a security interest in the accounts receivable, inventory, equipment, and other collateral of Caribbean Photo.

On August 19, 1998, Plaintiff Kodak and Caribbean Photo executed a supply agreement through which Plaintiff Kodak appointed Caribbean Photo as one of its non-exclusive retailers. Caribbean Photo agreed to purchase photographic products only from Plaintiff Kodak.

On that same date, Plaintiff Kodak and Defendants Ignacio and Alicia Martínez–Castro entered into a shareholders agreement. Defendants Ignacio and Alicia Martínez–Castro signed a guaranty agreement securing the obligations incurred by Caribbean Photo pursuant to the purchase and sale agreement, the promissory note, the security agreement, the supply agreement, and the shareholders agreement. Furthermore, the parties executed a non-competition agreement. *Docket Document No. 21, Exh. A.*

On September 29, 2000 and January 12, 2001, Plaintiff Kodak declared Caribbean Photo to be in default on its payment obligations under the promissory note and supply contract, and Plaintiff Kodak demanded full payment of the money owed by Caribbean Photo.

On February 6, 2001, Plaintiff Kodak filed the instant complaint. On May 15, 2001, Defendants filed their answer. *Docket Document No. 12.* Defendants brought a counterclaim against Plaintiff Kodak. *Id.*

On June 4, 2002, the parties filed a motion for dismissal, consent judgment, and other matters. *Docket Document No. 61.* Co–Defendant Yolanda Prohias, personally and as a member of the conjugal partnership composed with Ignacio Martínez Castro, voluntarily dismissed, with prejudice, the counterclaim that had been filed against Kodak, withdrew her affirmative defenses with prejudice, and consented that judgment be entered against her subject to a determination whether, as a matter of law, Yolanda Prohias is liable personally or as a member of the conjugal partnership for the monies owed to Plaintiff Kodak. *Id.*

However, Defendant Prohias submits that the agreements in question were only signed by her husband, Ignacio Martínez Castro. She argues that under Article 1308 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3661 (1991 & Supp.1998), she is not liable, personally or as a member of the conjugal partnership formed with her husband, Ignacio Martínez Castro. *Docket Document No. 77.*

Plaintiff Kodak disagrees with this interpretation of Article 1308, and avers that Yolanda Prohias is liable both individually and as a member of the conjugal partnership. *Docket Document Nos. 65, 84.*

## II.

### *Analysis*

#### A. *Conjugal partnership liability*

■ Article 1308 of the Puerto Rico Civil Code states that the following shall be chargeable to the community property:

(1) All debts and obligations contracted during the marriage by either of the spouses.

(2) The arrears or credits deriving during the marriage from obligations encumbering the private property of the spouses as well as the community property.

(3) Minor repairs or mere maintenance repairs made during the marriage on the private property of either of the spouses. Major repairs shall not be chargeable to the community property.

(4) Major or minor repairs of the community property.

(5) The support of the family and the education of the children begotten in common and of those of either of the spouses.

(6) Personal loans incurred by either of the spouses.

31 L.P.R.A. § 3661.

This passage has been interpreted by the Supreme Court of Puerto Rico to create a rebuttable presumption in favor of conjugal partnership liability. The court in *WRC Properties, Inc. v. Heriberto Santana*, 116 D.P.R 127 (1985), stated that either spouse could obligate the conjugal partnership so long as the debt or obligation was made in the family interest and not for the sole personal benefit of the borrower, and so long as there was no intent to defraud the other spouse. *Id.* at 135.

■■■ To effectively counter the presumption, the non-contracting spouse must make a prima facie showing that he or she received no benefit from the incurred debt. *F.D.I.C. v. Perez Perez*, 637 F.Supp. 358, 361 (D.P.R.1986). If such a showing is made, the liability of the conjugal partnership becomes subsidiary to the "prior mar-

shalling of assets belonging to the debtor-spouse." *Id.* at 361 (interpreting the *WRC Properties* opinion). A mere denial that the conjugal partnership benefitted from the spouse's dealings is not sufficient to rebut the presumption delineated by Article 1308. *F.D.I.C. v. Monterrey*, 847 F.Supp. 997, 1004 (D.P.R.1994), *aff'd* 45 F.3d 423 (1st Cir.1995).

In the case at bar, Defendant Prohias does not argue that the contracts executed by Martínez Castro were executed fraudulently or for the sole benefit of Martínez Castro. Instead, Defendant Prohias conclusively asserts that the application of the *WRC· Properties* factors, *supra*, should lead us to find "that the debt incurred by Martínez Castro was for the benefit of co-defendant, and not for the benefit of the conjugal partnership formed with Defendant [Prohias]." *Docket Document No. 77.* In support, Defendant alleges that her participation in the business was not an active one, and that "[a]t all times relevant to the present action, Prohias was another employee of [Caribbean Photo]." *Id.*

These allegations are not enough to rebut the presumption imposed by Article 1308. Defendant Prohias has not shown that the conjugal partnership received no benefit from the agreement entered into by her husband. At the time, Martínez Castro was the President and owned fifty one percent of Caribbean Photo. *Docket Document No. 1.* Under 31 L.P.R.A. § 3647,[1] all property acquired during the marriage is community property, and Martinez–Castro's actions regarding the company "were property or had the purpose of producing financial benefit to the conjugal partnership." *Dyno Nobel v. Amotech Corporation*, 959 F.Supp. 109, 114 (D.P.R. 1997) (citing *Monterrey*, 847 F.Supp. at

---

**1.** 31 L.P.R.A. § 3647 states that "[a]ll the property of the marriage shall be considered as partnership property until it is proven that

it belongs exclusively to the husband or to the wife."

1005). Consequently, the direct control of Caribbean Photo would have benefitted not only Martínez Castro, but the conjugal partnership. The extent of Defendant Prohias involvement in the business or her status as an employee is inapposite here.

Furthermore, Defendant does not allege that the intent of the contracts was to defraud the conjugal partnership. Without more, the presumption of conjugal partnership liability remains with Defendant Prohias. Consequently, the conjugal partnership composed by Ignacio Martínez Castro and Yolanda Prohias is liable in this case.

### B. *Defendant Prohias' individual liability*

█ Plaintiff Kodak also contends that Defendant Prohias is individually liable for the debts incurred. Defendant Prohias counters that she neither signed nor personally admitted liability for any of the debts incurred by her husband and that she may not be held personally liable for the debts.

The Supreme Court of Puerto Rico has found that "[t]he marital community does not absorb the individual personality of the spouses that make it up." *International Charter Mortgage Corp. v. Registrador*, 110 D.P.R. 862, 867 (1981); *Pauneto Rivera v. Nuñez Borges*, 115 D.P.R. 591, 594 (1984). Courts in this jurisdiction, including this court, have found that both spouses may be subsidiarily liable for deficiencies where they have voluntarily assumed those obligations as a co-signatory. *Perez–Perez*, 637 F.Supp. at 361; *F.D.I.C v. Alvarez–Lau*, 681 F.Supp. 977, 980 (D.P.R. 1988). In *Nuñez Borges*, the Puerto Rico Supreme Court clarified that, while there is a rebuttable presumption that debts entered into during marriage are contracted into in common interest, this does not result in a determination that the spouses, as individuals, are responsible for the debts of the conjugal partnership. *Nuñez Borges*, 115 D.P.R. at 597. *See also, WRC Properties*, 116 D.P.R. at 135–136.

Here, Prohias neither signed nor personally admitted liability for any of the debts incurred by her husband. She is, therefore, not individually liable for the debts incurred.

### IV.

### *Conclusion*

In sum, this court finds that as a matter of law, Yolanda Prohias is liable as a member of the Prohias–Martínez conjugal partnership for the monies owed to Plaintiff Kodak. However, the complaint as it pertains to Defendant Yolanda Prohias beyond her interest in the conjugal partnership with Ignacio Martínez Castro will be **DISMISSED.**

**IT IS SO ORDERED.**